NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRUCE MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL, AIG NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, JOHN DOES 1-10 (Fictitious Names), and ABC CORPS 1-10 (Fictitious Names),<br><br>Defendants. | **Civil Action No. 19-8808 (SRC)**<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Plaintiff, Bruce McDonald ("Plaintiff"), on a motion for remand to the Superior Court of New Jersey, Middlesex County. Defendants, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") oppose this motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will deny Plaintiff's motion to remand this action.

## I. BACKGROUND

### a. THE UNDERLYING STATE TORT ACTION

This case arises out of an underlying personal injury action that occurred as a result of an automobile accident on May 29, 2016. Plaintiff filed his personal injury action in the Superior

Court of New Jersey, Law Division, Middlesex County (the "state tort action").[1] The state tort action complaint alleges that Plaintiff was injured on May 29, 2016, when he was involved in an automobile accident with another driver, Patty A. Fennel ("Ms. Fennel"), in Piscataway, New Jersey. Ms. Fennel was driving a vehicle owned by Schneider Electric, USA ("Schneider Electric"), with the permission of John Koblyanksi ("Mr. Koblyanski"), a Schneider Electric employee.[2] At the time of the accident, Ms. Fennel had a personal automobile policy from Liberty Mutual, under Policy Number AO2-238-697220-0052, while Schneider Electric had a business automobile policy from National Union, under Policy Number CA-973-42-56.

The seven-count first amended complaint in the state tort action alleges that Plaintiff is entitled to the recovery of damages for personal injuries sustained in the automobile accident. It names as defendants the following parties: Ms. Fennel, Gelco Fleet Trust, Schneider Electric, Mr. Koblyanski, and John Does 1-10. See ECF No. 9-3, Ex. 1 (first am. compl.). Liberty Mutual and National Union are not named as defendants in the first amended complaint, nor are there any claims for coverage. See id.

On February 21, 2019, the Superior Court denied Plaintiff's motion to amend his complaint to include a declaratory judgment count against Liberty Mutual and National Union, and directed Plaintiff to file a separate declaratory judgment action. See ECF No. 9-3, Ex. 6 (Superior Court Order, dated Feb. 21, 2019).

[1] The state tort action is captioned Bruce McDonald v. Patty A. Fennel, Gelco Fleet Trust, Schneider Electric, USA, John Kobylanski, and John Does 1-10, Docket No. MID-L-5155-17.

[2] The Complaint alleges that Schneider Electric provided this vehicle to its employee, Mr. Kobliyanski, for his use, and that he permitted Ms. Fennel to use the vehicle for his benefit and/or as his agent. ECF No. 1, Ex. A (Compl.) ¶¶ 4-5. Ms. Fennel's relationship to Schneider Electric, however, remains unclear.

### b. THE DECLARATORY JUDGMENT ACTION

On March 1, 2019, Plaintiff filed a Declaratory Judgment Complaint against Liberty Mutual and National Union in the Superior Court of New Jersey, Law Division, Middlesex County (the "Declaratory Judgment Action"), Docket No. MID-L-1857-19. The Declaratory Judgment Complaint seeks a declaratory judgment with respect to insurance coverage for the underlying claims in the state tort action. Specifically, the first count seeks a declaratory judgment that Liberty Mutual is obligated to provide insurance coverage pursuant to Ms. Fennel's personal automobile policy, while the second count seeks a declaratory judgment that National Union is obligated to provide insurance coverage pursuant to Schneider Electric's business automobile policy. See ECF No. 1, Ex. A (Compl.).

On March 21, 2019, Liberty Mutual removed the suit to this Court pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. Plaintiff filed his motion for remand on April 18, 2019. ECF No. 9. On April 30, 2019, National Union filed a Notice of Consent to Removal. ECF No. 12. Both Liberty Mutual and National Union filed their opposition to Plaintiff's motion on May 20, 2019. See ECF Nos. 29, 32.

Plaintiff argues that remand of the Declaratory Judgment Action to New Jersey Superior Court is warranted because: (1) the Court lacks subject matter jurisdiction, as complete diversity between the parties does not exist pursuant to the direct action clause of 28 U.S.C. § 1332(c)(1); (2) Liberty Mutual's removal of the Declaratory Judgment Action was improper under 1446(b)(2)(A) because it was done without National Union's consent; and (3) alternatively, even if the Court finds complete diversity exists and that removal was not procedurally improper, the Court should abstain from adjudicating this declaratory judgment matter under the Brillhart abstention doctrine. See ECF No. 9-2 at 4-17. The Court will address these arguments in turn.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action over which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court. In other words, section 1441 authorizes removal "so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). A litigant removing an action pursuant to 28 U.S.C. § 1441 bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Samuel-Bassett, 357 F.3d at 396 (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). Accordingly, the Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand).

The relevant subsections of the jurisdictional statute provide that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). It is well-established that diversity jurisdiction under § 1332(a) requires complete diversity, meaning that the citizenship of each plaintiff must be different than the citizenship of each defendant. Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 553-54 (2005) (discussing complete diversity rule to which the Court has adhered); Strawbridge v.

Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants). The Supreme Court has held that "the presence in [an] action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil, 545 U.S. at 553; see also Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").

**a. COMPLETE DIVERSITY EXISTS BECAUSE PLAINTIFF IS NOT PURSUING A "DIRECT ACTION" AGAINST AN INSURER**

The parties do not dispute that the amount in controversy requirement is satisfied. Instead, Plaintiff contends that complete diversity between the parties does not exist, as: (1) Liberty Mutual "has at least nine offices throughout the State of New Jersey," and (2) pursuant to 28 U.S.C. § 1332(c)(1), Liberty Mutual is considered a resident of every state of which its insured is a citizen, and therefore Liberty Mutual is a citizen of New Jersey. ECF No. 9-2 at 4-8.

Here, Defendants Liberty Mutual and National Union are corporations. For diversity purposes, they are therefore citizens of their states of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). It is uncontroverted that Liberty Mutual is therefore a citizen of Wisconsin (state of incorporation) and Massachusetts (principal place of business), while National Union is a citizen of Pennsylvania (state of incorporation) and New York (principal place of business). See ECF No. 1, ¶¶ 10-11. That Liberty Mutual has nine offices within the State of New Jersey and is "surely no stranger or foreign entity to the citizens within its borders," ECF No. 9-2 at 7, does not change this analysis, and is insufficient to render Liberty

Mutual a citizen of New Jersey. Plaintiff, meanwhile, is undisputedly a citizen of the state of New Jersey. ECF No. 1, ¶ 9.

As Liberty Mutual points out, Plaintiff is incorrect in his interpretation of the term "direct action" as it is used in 28 U.S.C. § 1332(c)(1). The relevant language concerning "direct actions" in Section 1332(c) provides that:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which the insured is not a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as any state by which the insurer has been incorporated and the State where it has its principal place of business.

Relying on this language in an attempt to defeat diversity, Plaintiff contends that the instant action is a direct action against Liberty Mutual, thereby making Liberty Mutual a citizen of New Jersey because its insured, Ms. Fennel, is a citizen of New Jersey. Plaintiff is mistaken.

The Supreme Court has explained that "a true direct action suit is a lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured." Travelers Indemnity Co. v. Bailey, 557 U.S. 137, 143 n.2, 129 S. Ct. 2195, 2200 (2009) (quotations and citation omitted). This Declaratory Judgment Action is not seeking to determine liability of the insured. Here, Plaintiff has filed a Declaratory Judgment Action seeking to determine the scope of insurance coverage of the alleged tortfeasors relating to the underlying state court personal injury action. It is a matter of contract interpretation, and not of tortfeasor liability. Therefore, this action does not qualify as a "direct action" under 28 U.S.C. § 1332(c)(1). See, e.g., Princeton Women's Ctr. v. Proselect Ins. Co., Civil Action No. 11-1761(FLW), 2011 U.S. Dist. LEXIS 118641, at *6-8 (D.N.J. Oct. 14, 2011) (finding removal proper and that a declaratory judgment action by insureds against their insurer as to coverage did not constitute a "direct action" under 28 U.S.C. § 1332(c)(1)); KB Home Colo., Inc. v. State

Nat'l Ins. Co., Civil Action No. 11-cv-01999-CMA-MEH, 2012 U.S. Dist. LEXIS 14235, at *14 (D. Colo. Feb. 6, 2012) (concluding that "a declaratory judgment action concerning only the interpretation of an insurance contract is not a direct action within the meaning of § 1332(c)(1)"). As such, Liberty Mutual is deemed a citizen of Wisconsin and Massachusetts, while National Union is deemed a citizen of New York and Pennsylvania. Plaintiff is a citizen of New Jersey. Thus, the parties are diverse, and the Court is satisfied that Liberty Mutual's removal was proper.

**b. NATIONAL UNION'S CONSENT TO REMOVAL WAS NOT REQUIRED UNDER 28 U.S.C. § 1446(B)(2)(A)**

Plaintiff next argues that remand is warranted as the removal was procedurally improper pursuant to 28 U.S.C. § 1446(b)(2)(A), as National Union had not joined in or consented to the removal. Section 1446(b)(2)(A) provides:

> When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], **all defendants who have been properly joined and served** must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(A) (emphasis added). Liberty Mutual filed its Notice of Removal on March 21, 2019. ECF No. 1. Plaintiff's own Affidavit of Service provides that National Union was not served with the summons and complaint until the following day, March 22, 2019. See ECF No. 9-3, Ex. 7 (Aff. of Service); ECF No. 32-1 (Decl. of Denise Aldridge). Thus, Liberty Mutual correctly points out that National Union's consent was not required at the time of removal, as National Union had not actually been served at the time removal was effectuated. Moreover, the Court notes that at the time Plaintiff filed their moving papers for remand on April 18, 2019, National Union had indeed not filed any papers indicating their consent to removal. However, National Union subsequently filed their consent to removal on April 30, 2019. Therefore, this argument also fails.

### c. ABSTENTION IS NOT WARRANTED

Plaintiff's final argument is that even if the Court were to find that it has original jurisdiction, and Defendant's removal was not procedurally improper, the Court should nevertheless exercise its discretion and abstain from adjudicating this declaratory judgment matter under the Brillhart abstention doctrine. ECF No. 9-2 at 9. Plaintiff maintains that the Court should abstain because the matter is more appropriate for the state court, where a "parallel proceeding" is ongoing—namely, the state tort action. Moreover, Plaintiff contends that "the underlying facts relevant to the determination of insurance coverage have all been adjudicated by the State Court" and that "the determination of primary insurance coverage . . . is highly dependent upon the underlying facts of the State tort claim." ECF No. 9-2 at 12. The Court disagrees.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Plaintiff correctly points out that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995). However, Plaintiff fails to present sufficient basis for the Court to exercise its discretion in this case, where all other prerequisites for subject matter jurisdiction have been satisfied.

Third Circuit caselaw provides that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." Reifer v. Westport Ins. Corp., 751 F.3d 129, 144 (3d Cir. 2014). If there is no

parallel state proceeding, then “as part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors.” Reifer, 751 F.3d at 144. Moreover, as the Third Circuit recently explained:

> Courts should give the following and other factors ‘meaningful consideration . . . to the extent they are relevant’:
>
> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 282-83 (3d Cir. 2017) (quoting Reifer, 751 F.3d at 146).

Despite Plaintiff’s claims to the contrary, all the issues regarding insurance coverage will not be decided in the state tort action. The scope of coverage at issue in this Declaratory Judgment Action is separate from Plaintiff’s personal injury action and the determination of liability and damages. Further, Liberty Mutual and National Union are not named defendants in the state tort action. Although Courts in this district have previously been divided on whether a state action for damages and a related federal proceeding over insurance coverage are parallel, Third Circuit caselaw now provides that “the mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient to make those proceedings parallel; rather, there must be a substantial similarity in issues and parties between

contemporaneously pending proceedings." Id. at 283-84.[3] Critically, with a similar set of facts before it, the Kelly Court found that "[i]t is clear that the two proceedings here are not parallel. Maxum [the insurer] is not a party to the Tort Action, and the questions of whether Carman's insurance policy with Maxum covers Carman's potential liability and whether Carman is in fact liable to the Kellys are distinct. The issue of coverage is not necessary to the resolution of the state action — we cannot at this point predict the course which that lawsuit will take." Kelly, 868 F.3d at 289. Following Kelly, the Court finds there is no substantial similarity between the underlying state tort action and the instant Declaratory Judgment Action. Therefore, they are not parallel proceedings, and the Court turns to examine the remaining Reifer factors.

Having found the state tort action is not a pending parallel proceeding, the Court additionally finds the remaining Reifer factors are not outweighed by opposing factors.

First, a declaratory judgment by this Court would indeed resolve the uncertainty regarding Liberty Mutual and Nation Union's obligations with respect to insurance coverage, which prompted the filing of the Declaratory Judgment Action.

Second, although Plaintiff contends it would be "more convenient" to have this matter decided in the state court, this factor is at best neutral, as Plaintiff has not provided any

---

[3] The Kelly Court further clarified:

> Strict identity between parties and claims is not necessary for pending proceedings to be substantially similar, although that will be the most usual circumstance in which a court finds parallel proceedings to exist. "Substantial similarity" only means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other. See, e.g., Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009) ("[Substantial similarity] occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." (citing TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 592 (7th Cir. 2005))); Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005) (holding that state tort actions and a related federal insurance declaratory judgment action were not parallel, even though "the issues in each proceeding may depend on some of the same facts," because the state lawsuits "involve parties, arguments, and issues different from those in federal court proceedings").

Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 284 n.8 (3d Cir. 2017).

information to support that adjudicating the matter in this forum would inconvenience the parties.

Third, none of the parties aver that any special or unusual public interest is at stake in the settlement of the uncertainty of obligation, and Plaintiff's contention that the "uncertainty would be more uniformly managed with one court hearing both actions" ECF No. 9-2 at 14, is unsupported and unpersuasive.

Fourth, Plaintiff argues that "[t]he ease and ability with which the declaratory judgment matter can be dealt with at the state court level establishes that there is a viable and convenient remedy other than federal removal." Id. at 15. Again, this factor is unpersuasive or at best neutral, as Plaintiff concedes that "the uncertainty of obligation could be disposed of at either Court level."

Fifth, and contrary to Plaintiff's argument, the issue of Liberty Mutual and National Union's obligations under their insurance policies with Ms. Fennel and Schneider Electric are not pending in the state court. Liberty Mutual and National Union are not parties to the pending state tort action, the Superior Court explicitly rejected Plaintiff's attempt to bring them into that action, and the dispute over insurance coverage cannot be fully resolved without these Defendants. Thus, as the Kelly Court found, "the general policy of restraint does not apply in the present case." 868 F.3d at 289.

Sixth, at this juncture, there is no reason for the Court to be concerned with the possibility of duplicative litigation, as the Court has already found that the two actions— and the issues to be decided—are in fact distinct.

Seventh, Plaintiff's argument that Liberty Mutual merely removed the Declaratory Judgment Action "as a method of procedural fencing or a as a means to provide another forum in

a race for res judicata," ECF No. 9-2 at 15, is simply unsupported by any evidence. This conclusory assertion is insufficient to support Plaintiff's contention that removal was driven by an improper motive.

Finally, with regard to the eighth factor, the Court finds that there is no indication that a conflict exists for Liberty Mutual or National Union related to any obligations these insurers have to defend their insured in the state tort action. As discussed above, neither Liberty Mutual nor National Union are parties to the state tort action. Nor is there reason to believe they will become parties to the state tort action, where the Superior Court has already explicitly denied Plaintiff's attempt to join Defendants into that action and determine their respective coverage obligations as part of that proceeding.

Accordingly, the Court finds that: (1) the state court tort action and the Declaratory Judgment Action are not parallel proceedings; (2) the lack of parallel proceedings weighs significantly in favor of exercising jurisdiction rather than abstaining; and (3) the remaining Reifer factors do not outweigh the lack of a parallel state proceeding. Therefore, abstention and remand is unwarranted.

**d. PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES**

Plaintiff contends he is entitled to attorney's fees pursuant to 28 U.S.C. § 1447(c), as Liberty Mutual lacked an objectively reasonable basis for seeking removal. Section 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin

v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005) (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000)). Here, because the Court declines to remand the instant action to the state court, Plaintiff is not entitled to attorney's fees. Thus, Plaintiff's motion for costs and fees incurred as a result of removal is denied.

## III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand and for attorney's fees. An appropriate Order will be filed.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 2, 2019